UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSEY,<br><br>                    Plaintiff,<br><br>           v.<br><br>SECURED INVESTMENT CORP., et al.<br><br>                    Defendants. | Case No. 2:23-cv-08826-FLA (AGRx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The Class Action Fairness Act ("CAFA") vests original jurisdiction in district courts over a purported class action if all the following requirements are met: (1) the amount in controversy exceeds $5 million; (2) at least one putative class member is a

citizen of a state different from any defendant, and (3) the putative class exceeds 100 members. 28 U.S.C. § 1332(d)(2), (5). The removing defendant bears the burden of establishing federal jurisdiction, "including any applicable amount in controversy requirement." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). However, unlike cases removed under diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

A notice removing a case from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Where a party contests or the court questions another party's allegations concerning the amount in controversy, both sides shall submit proof and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

This procedure applies equally to the amount in controversy requirement in CAFA actions. "When plaintiffs . . . have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the . . . theory of damages exposure." *Id.* As a result, the party asserting

jurisdiction in CAFA actions bears the burden to put forward allegations and sufficient evidence that the amount in controversy exceeds $5 million.

The court has reviewed the Defendant's Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under CAFA. In particular, and without limitation, the court finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million.

Accordingly, the parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As it is the party asserting federal jurisdiction, Defendant's failure to timely respond to this Order shall result in the remand of this action without further warning.

IT IS SO ORDERED.

Dated: October 24, 2023

                                                FERNANDO L. AENLLE-ROCHA
                                                United States District Judge